FILED
IN THIS OFFICE

2017 AUG -1 PM 4: 37

CLERK US DISTRICT COURT
GREENSBORO, N.C.

IN THE UNITED STATES DISTRICT COURT

FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | 1:17CR218-1 |
| | : | |
| v. | : | |
| | : | |
| MICHAEL WAYNE BOYLES | : | PLEA AGREEMENT |

NOW COMES the United States of America, by and through Sandra J. Hairston, Acting United States Attorney for the Middle District of North Carolina, and the defendant, MICHAEL WAYNE BOYLES, in his own person and through his attorney, Kathleen A. Gleason, and state as follows:

1. The defendant, MICHAEL WAYNE BOYLES, is presently under Indictment in case number 1:17CR218-1, which in Count One charges him with a violation of Title 18, United States Code, Section 2421, transporting an individual in interstate commerce to engage in prostitution; which in Count Two charges him with a violation of Title 18, United States Code, Sections 1589(a) and 1594(a), forced labor; and which in Count Three charges him with a violation of Title 18, United States Code, Section 1591(a)(1), sex trafficking by force, fraud, or coercion.

2. The defendant, MICHAEL WAYNE BOYLES, will enter a voluntary plea of guilty to Count Two of the Indictment herein. The nature of this charge and the elements of this charge, which must be proved by the

United States beyond a reasonable doubt before the defendant can be found guilty thereof, have been explained to him by his attorney.

    a.    The defendant, MICHAEL WAYNE BOYLES, understands that as to Count Two of the Indictment herein, he shall be sentenced to a term of imprisonment of not more than twenty years, and the maximum fine for Count Two of the Indictment herein is $250,000. If any person derived pecuniary gain from the offense, or if the offense resulted in pecuniary loss to a person other than the defendant, MICHAEL WAYNE BOYLES, the defendant may, in the alternative, be fined not more than the greater of twice the gross gain or twice the gross loss unless the Court determines that imposition of a fine in this manner would unduly complicate or prolong the sentencing process. The fine provisions are subject to the provisions of Title 18, United States Code, Section 3571, entitled "Sentence of Fine."

    b.    The defendant, MICHAEL WAYNE BOYLES, also understands that, as to Count Two of the Indictment herein, the Court may include as a part of the sentence a requirement that the defendant be placed on a term of supervised release of not more than three years after imprisonment, pursuant to Title 18, United States Code, Section 3583.

    c.    The defendant, MICHAEL WAYNE BOYLES, understands that the Court shall order, in addition to any other penalty authorized by law, that the defendant make restitution to any victim of the offense to which he is

2

pleading guilty, pursuant to Title 18, United States Code, Sections 3663A(a)(1) and 1593. The defendant, MICHAEL WAYNE BOYLES, further agrees to pay restitution, as determined by the Court, to any victims harmed by defendant's "relevant conduct," as defined by U.S.S.G. Section 1B1.3, pursuant to Title 18, United States Code, Section 3663A(a)(3).

    d.    The defendant, MICHAEL WAYNE BOYLES, further understands that the sentence to be imposed upon him is within the discretion of the sentencing Court subject to the statutory maximum penalties set forth above. The sentencing Court is not bound by the sentencing range prescribed by the United States Sentencing Guidelines. Nevertheless, the sentencing Court is required to consult the Guidelines and take them into account when sentencing. In so doing, the sentencing Court will first calculate, after making the appropriate findings of fact, the sentencing range prescribed by the Guidelines, and then will consider that range as well as other relevant factors set forth in the Guidelines and those factors set forth in Title 18, United States Code, Section 3553(a) before imposing the sentence.

    e.    The defendant, MICHAEL WAYNE BOYLES, understands that if he is not a citizen of the United States that entering a plea of guilty may have adverse consequences with respect to his immigration status. The defendant, MICHAEL WAYNE BOYLES, nevertheless wishes to enter a voluntary plea of guilty regardless of any immigration consequences his guilty

3

Case 1:17-cr-00218-CCE   Document 17   Filed 08/01/17   Page 3 of 9

plea might entail, even if such consequence might include automatic removal and possibly permanent exclusion from the United States.

3. By voluntarily pleading guilty to Count Two of the Indictment herein, the defendant, MICHAEL WAYNE BOYLES, knowingly waives and gives up his constitutional rights to plead not guilty, to compel the United States to prove his guilt beyond a reasonable doubt, not to be compelled to incriminate himself, to confront and cross-examine the witnesses against him, to have a jury or judge determine his guilt on the evidence presented, and other constitutional rights which attend a defendant on trial in a criminal case.

4. The defendant, MICHAEL WAYNE BOYLES, is going to plead guilty to Count Two of the Indictment herein because he is, in fact, guilty and not because of any threats or promises.

5. The extent of the plea bargaining in this case is as follows:

a. Upon the acceptance by the Court of a guilty plea by the defendant, MICHAEL WAYNE BOYLES, to Count Two of the Indictment herein, and at the conclusion of the sentencing hearing thereon, the United States of America will not oppose a motion to dismiss the remaining counts of the Indictment as to the defendant, MICHAEL WAYNE BOYLES. This portion of the Plea Agreement is made pursuant to Rule 11(c)(1)(A) of the Federal Rules of Criminal Procedure.

b. It is understood that if the Court determines at the time of sentencing that the defendant, MICHAEL WAYNE BOYLES, qualifies for a 2-point decrease in the offense level under Section 3E1.1(a) of the Sentencing Guidelines and that the offense level prior to the operation of Section 3E1.1(a) is 16 or greater, then the United States will recommend a decrease in the offense level by 1 additional level pursuant to Section 3E1.1(b) of the Sentencing Guidelines. This portion of the Plea Agreement is made pursuant to Rule 11(c)(1)(B) of the Federal Rules of Criminal Procedure.

c. The defendant, MICHAEL WAYNE BOYLES, hereby abandons interest in, and consents to the official use, destruction, or other disposition of each item seized and/or maintained by any law enforcement agency during the course of the investigation, unless such item is specifically provided for in another section of this plea agreement. The defendant, MICHAEL WAYNE BOYLES, waives any and all notice of any proceeding to implement the official use, destruction, or other disposition of such items.

d. It is further agreed by and between the United States and the defendant, MICHAEL WAYNE BOYLES, that in exchange for the government's agreement to dismiss Counts One and Three of the Indictment herein, the defendant expressly waives the right to appeal the conviction and whatever sentence is imposed on any ground, including any appeal right conferred by Title 18, United States Code, Section 3742(a), and further to waive

any right to contest the conviction or the sentence in any post-conviction proceeding, including any proceeding under Title 28, United States Code, Section 2255, excepting the defendant's right to appeal or collaterally attack based upon grounds of (1) ineffective assistance of counsel, (2) prosecutorial misconduct not known to the defendant at the time of the defendant's guilty plea, (3) a sentence in excess of the statutory maximum, and (4) a sentence based on an unconstitutional factor, such as race, religion, national origin or gender.

6. The defendant, MICHAEL WAYNE BOYLES, agrees that pursuant to Title 18, United States Code, Section 3613, all monetary penalties, including restitution imposed by the Court, shall be due immediately upon judgment and subject to immediate enforcement by the United States. The defendant agrees that if the Court imposes a schedule of payments, the schedule of payments shall be merely a schedule of minimum payments and shall not be a limitation on the methods available to the United States to enforce the judgment.

b. The defendant, MICHAEL WAYNE BOYLES, understands that, by entering a plea of guilty to the Indictment herein, he may be required to register as a sex offender under the laws of any state in which he may reside, and that it is the defendant's responsibility to comply with any applicable registration requirements. See 42 U.S.C. § 16901-16962 (Jacob Wetterling,

6

Megan Nicole Kanka, and Pam Lychner Sex Offender Registration and Notification Program) and 18 U.S.C. § 4042 (2000) (requiring defendants to register as a sex offender within 10 days of release from incarceration or sentence to probation). If the defendant resides in the state of North Carolina following any term of imprisonment, the defendant agrees to register as a sex offender pursuant to N.C.G.S. §§ 14-208.5 - 208.45 in the county of his residence and provide verification to the probation department of such registration. The defendant also understands that if he does not return to, or moves from the state of North Carolina, he may be required to register as a sex offender pursuant to the state laws of his new residence.

8. The defendant, MICHAEL WAYNE BOYLES, agrees that his debt resulting from the criminal monetary penalties due under the criminal judgment will be submitted to the Treasury Offset Program even if he is current in his payments under any Court imposed payment schedule.

9. It is further understood that the United States and the defendant, MICHAEL WAYNE BOYLES, reserve the right to bring to the Court's attention any facts deemed relevant for purposes of sentencing.

10. The defendant, MICHAEL WAYNE BOYLES, further understands and agrees that pursuant to Title 18, United States Code, Section 3013, for any offense committed on or after October 11, 1996, the defendant shall pay an assessment to the Court of $100 for each offense to which he is

7

pleading guilty. This payment shall be made at the time of sentencing by cash or money order made payable to the Clerk of the United States District Court. If the defendant is indigent and cannot make the special assessment payment at the time of sentencing, then the defendant agrees to participate in the Inmate Financial Responsibility Program for purposes of paying such special assessment. Also, unless the Court finds the defendant to be indigent, pursuant to Title 18, United States Code, Section 3014, the defendant, MICHAEL WAYNE BOYLES, further understands and agrees that the Court is required to impose an additional mandatory special assessment of $5,000.

10. No agreements, representations, or understandings have been made between the parties in this case other than those which are explicitly set forth in this Plea Agreement, and none will be entered into unless executed in

writing and signed by all the parties.

This the 1 day of August, 2017.

SANDRA J. HAIRSTON
Acting United States Attorney

ANAND P. RAMASWAMY
NCSB # 24991
Assistant United States Attorney

101 S. Edgeworth Street
4th Floor
Greensboro, NC 27401

336/333-5351

KATHLEEN A. GLEASON
Attorney for Defendant

MICHAEL WAYNE BOYLES
Defendant

9