IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

UNITED STATES OF AMERICA    *  Case No. 1:17CR218-1
                      *
vs.                   *  Greensboro, North Carolina
                      *  November 14, 2017
MICHAEL WAYNE BOYLES,   *  10:30 a.m.
                      *
         Defendant.    *
*******************************

**TRANSCRIPT OF SENTENCING HEARING**
BEFORE THE HONORABLE CATHERINE C. EAGLES
UNITED STATES DISTRICT JUDGE

APPEARANCES:

For the Government:        ANAND P. RAMASWAMY, ESQUIRE
                          Office of United States Attorney
                          101 S. Edgeworth Street, 4th Floor
                          Greensboro, North Carolina 27401

For the Defendant:         KATHLEEN A. GLEASON, ESQUIRE
                          Office of Federal Public Defender
                          301 N. Elm Street, Suite 410
                          Greensboro, North Carolina 27401

Court Reporter:            Lori Russell, RMR, CRR
                          P.O. Box 20593
                          Winston-Salem, North Carolina 27120

Proceedings recorded by stenotype reporter.
Transcript produced by Computer-Aided Transcription.

1          **P R O C E E D I N G S**

2     (Defendant present.)

3          **THE COURT:**  Okay.

4          **MR. RAMASWAMY:**  Good afternoon —— I mean good morning,

5  Your Honor.

6          **THE COURT:**  Good morning.

7          **MR. RAMASWAMY:**  The Government would call for

8  sentencing United States versus Michael Wayne Boyles in

9  1:17CR218-1.  He is represented by Kathleen Gleason.

10          **THE COURT:**  Ms. Sanders, can you make a note to call

11  building maintenance and change that clock?  I thought —— I

12  didn't think it would have taken me two hours to do that

13  previous case.

14     All right.  Good morning, Ms. Gleason.

15          **MS. GLEASON:**  Good morning, Your Honor.

16          **THE COURT:**  You've seen Mr. Boyles' presentence report

17  and reviewed it with him?

18          **MS. GLEASON:**  Yes, I have.

19          **THE COURT:**  And are you ready for his sentencing

20  hearing?

21          **MS. GLEASON:**  Yes, ma'am, I am.

22          **THE COURT:**  Mr. Boyles, if you would stand.  Good

23  morning.

24          **THE DEFENDANT:**  Good morning.

25          **THE COURT:**  Have you seen your presentence report?

1      **THE DEFENDANT:** Yes, ma'am.

2      **THE COURT:** And have you reviewed it and talked to

3  your lawyer about it?

4      **THE DEFENDANT:** Yes, ma'am.

5      **THE COURT:** Any questions about it?

6      **THE DEFENDANT:** No, ma'am.

7      **THE COURT:** Thank you.  You can be seated.

8  I did not see any objections to the presentence report.

9  Are there any for the Government?

10     **MR. RAMASWAMY:** No, Your Honor.

11     **THE COURT:** For the Defendant?

12     **MS. GLEASON:** No, Your Honor.

13     **THE COURT:** The Court will adopt the presentence

14  report as is; and as to all matters in the report, the Court

15  will adopt them as findings of fact.

16  The total offense level is 23.  The criminal history

17  category is III.  The guideline range is 57 to 71 months.  The

18  supervised release range is 1 to 3 years and the fine range is

19  20,000 to 200,000 dollars.  The Court will take that into

20  account on an advisory basis in determining an appropriate

21  sentence.

22  Does the Government have additional evidence?

23     **MR. RAMASWAMY:** No, Your Honor.

24     **THE COURT:** What about the Defendant?

25     **MS. GLEASON:** No evidence, Your Honor.

1    **THE COURT:** It looked like he had some pending
2  unrelated state charges. Are those still pending?
3    **MS. GLEASON:** Your Honor, I've spoken with the --
4  there are two different district attorneys handling those
5  cases. I've spoken with them and they intend to dismiss them,
6  but not until they receive a copy of the judgments. They
7  remain pending, but I expect they will be resolved.
8    **THE COURT:** Okay. Go ahead then, Ms. Gleason.
9    **MS. GLEASON:** Thank you, Your Honor.
10   I want to mention that Mr. Boyles' mother intended to be
11 here, but there was a miscommunication about the time. So I
12 just wanted to make sure that the Court knows that she did
13 intend to be here and I need to call her so she doesn't show up
14 at two o'clock. As the Court saw in the presentence report,
15 his mother is probably his biggest fan.
16   I want to address a few things, Your Honor, and I'm going
17 to be asking the Court to sentence Mr. Boyles to a sentence in
18 the middle of the guideline range.
19   First, addressing the guidelines, the total offense level
20 takes into account the underlying base offense. It takes into
21 account the fact that he was using heroin as a means to involve
22 these women with the two-level increase for the other felony,
23 the distribution of heroin. Then it also takes into account
24 the two-level increase for the multiple victims, the fact that
25 he was involved with women who were addicted to heroin and who

1    found themselves to be in a position where they didn't feel

2    like they had any recourse but to continue working.

3        There is nothing in this case that takes it outside of the

4    heartland and there's nothing in this case that makes it more

5    or less serious than any other case with those enhancements, so

6    I'm asking the Court to --

7            **THE COURT:** Let me ask you about that.

8            **MS. GLEASON:** Yes, Your Honor.

9            **THE COURT:** I mean, I'm not talking about varying. I

10   don't think the Government has filed a request for that.

11           **MS. GLEASON:** Yes, Your Honor.

12           **THE COURT:** He does have a -- two convictions, one for

13   misdemeanor solicitation of prostitution and then another one

14   for aiding and abetting prostitution, and it looked to me like

15   the solicitation one occurred and he was convicted before the

16   conduct at issue here.

17           **MS. GLEASON:** That's correct.

18           **THE COURT:** And then the aiding and abetting, it

19   occurred and he was arrested before the conduct here. He was

20   convicted of it afterwards, but -- so you have -- let me see if

21   I can get those in front of me specifically. So he's arrested

22   in January 2016. It looks like convicted that same day.

23   Something must not be quite right about that. But offense

24   occurred back in December 2015. And then shortly thereafter,

25   in paragraph 45, middle of March, he's arrested for the next

 1 | prostitution-related offense when he made bond and then this
 2 | occurred late, you know, in April and May.
 3 |       **MS. GLEASON:**  That's correct, Your Honor.
 4 |       **THE COURT:**  So I'm -- I know those are misdemeanors,
 5 | but it sounds like from the nature of those convictions --
 6 | aiding and abetting prostitution, soliciting -- that he's
 7 | involved in this kind of behavior and that the prior arrests
 8 | and sentences -- he got 34 days on the first one, which is not
 9 | that long, but -- are not -- not -- not doing anything to deter
10 | the behavior here, which is actually worse.
11 |    So how does that weigh in to the determination of an
12 | appropriate sentence?
13 |       **MS. GLEASON:**  Well, a couple of things, Your Honor.
14 | Only the 34-day sentence was something that he served before
15 | this occurred.  So I would separate those two rather than say,
16 | "We've got these two things and then -- and then we've got this
17 | third; and if these two sentences haven't deterred him, what's
18 | going to?"  So I would separate those.
19 |    And then the other thing, Your Honor, that I think is
20 | probably more important is the fact that we've got at most a
21 | five-month period of time, that it's not -- this isn't
22 | something that's been going on, as far as I know, over the
23 | course of months or years.  This is really one five-month run
24 | where he's been arrested once, did -- served the 34 days on the
25 | misdemeanor.

1    And then the Forsyth County, he actually didn't get out on
2  bond.  He was charged while he was in custody with Brunswick
3  County; and when Brunswick County dropped the bond for him to
4  go into federal custody, there was still the -- the outstanding
5  warrant in Forsyth.  So he first went to Forsyth, got his
6  conviction, and then came with the Feds.  So that all became
7  one big ball of wax and that sentence -- that 45-day sentence
8  is something that therefore he won't get credit for with the
9  Federal Bureau.  That will be considered to have been served
10  for Forsyth County.

11    So, Your Honor, what I would suggest the Court look at is
12  that it is a relatively limited time period run of time that he
13  went -- ran into this, ran into this, and then, bam, ran into
14  this conviction, which is certainly the big one that's hit him
15  over the head.

16         **THE COURT:**  Okay.

17         **MS. GLEASON:**  And I would also point out that he did
18  receive criminal history points for both of those convictions
19  and that had he not gone up to Forsyth County when everyone
20  thought he was going to come into federal custody he wouldn't
21  have that additional point.  So that is also accounted for in
22  the guideline calculation.

23         **THE COURT:**  Okay.

24         **MS. GLEASON:**  And I also want to sort of in that same
25  vein, as the Court has probably noticed, that over the course

1  of his life he has served, until the time he started serving
2  now, which has been over a year, less than a total of a year
3  maybe.  It was maybe even half a year total in custody.  So the
4  jump that he's going to receive today versus what punishment he
5  has received for any of his conduct before is already going to
6  be a huge jump, a, you know, geometric progression of a jump.
7  So any message that the Court would like to send based on his
8  criminal history and not having served time will certainly be
9  sent with a guideline sentence.

10     And a couple of things, Your Honor, I want to point out
11  outside of that is that Mr. Boyles, unlike many folks in this
12  position, has a strongly marketable skill.  He's an
13  electrician.  He is good with his hands, and he's quick at
14  learning trades and building trades, and he will be able to,
15  when he gets out, get back on his feet quickly if, Your
16  Honor -- the second piece is if he remains clean and sober.

17     Mr. Boyles has a long history of substance abuse issues.
18  He has asked -- as it states in the presentence report, he's
19  asked to receive treatment when he's at the Bureau of Prisons.
20  He has expressed that if the -- he is involved in things when
21  he is using; and that if he can stay clean, then he is not with
22  these people and in these places.  He'll be able to remove
23  himself from these people and places because he doesn't need
24  them if he doesn't need to buy anything from them or to get
25  money to buy anything.

1    So really I think the key to allowing him to make use of
2  the skills that he has is his own commitment to stay clean and
3  sober; and towards that end, he's asking for treatment.  We've
4  discussed the help that will be available to him when he gets
5  out through the U.S. Probation office and that he should lean
6  on them should the need arise.

7    I'm asking the Court for all those reasons to sentence him
8  in the middle of the guidelines.

9         **THE COURT:**  Thank you.

10   For the Government.

11        **MR. RAMASWAMY:**  Your Honor, I would tend to agree with
12 much of what counsel said.  In this instance, the guidelines
13 accurately reflect the sentencing range due to the specific
14 offense characteristics.  That criminal history here -- that
15 additional point for the last conviction I think makes him a
16 criminal -- that's a total of four points and that makes a
17 Criminal History Category III by that last point.

18   So what I would ask -- I would concur with what the
19 probation officer has recommended here and that's the high end
20 of the range in consideration of those two prior acts.  The
21 Government is not asking for any sentence outside of the
22 range -- the advisory guideline range here.

23   I want to address two other things.  The presentence report
24 addressed the restitution issue here that the Government was to
25 investigate.  The case agent is here, Ms. Cataldo, from the

1  FBI.  The Government cannot say that the requested amount of
2  $1,200 from the victim was proximately caused by the
3  Defendant's actions.  That appears to have been vehicle
4  impoundment fees from when the victim Jane Doe 1 left her car
5  in Virginia and not as a result of the Defendant's conduct.  So
6  the Government is not going to present that $1,200 for
7  restitution.  It's not the Government's to weigh, but I
8  understand the special assessment in this case, the additional
9  $5,000, the Government doesn't wish to be heard if the Court,
10 upon finding of indigency, does not apply that.
11      The plea agreement in this case has the potential for sex
12 offender registration; and when that involves an adult victim
13 here, the Court would need, preferably on the judgment, to have
14 a finding that it is a sex offense committed by means of force
15 and that is because it's not automatically a registration
16 offense otherwise.  So the Government would ask that that
17 finding be made in support of sex offender registration if the
18 Court does impose that.
19      So the Government, in summary, we're asking for a sentence
20 at the high end of the advisory guideline range.
21          **THE COURT:**  Okay.  So the special assessment is
22 required when the Defendant is nonindigent, but here we know
23 he's indigent, right, because there's Ms. Gleason from the
24 federal offender's office?
25          **MS. GLEASON:**  Yes, Your Honor.

1      **THE COURT:**  So you're not asking otherwise on that,

2  right?

3          **MR. RAMASWAMY:**  Correct, Your Honor.

4      **THE COURT:**  Okay.  I'm making sure I understood that.

5      Does the Defendant want to be heard on either of the

6  matters raised by the prosecutor?

7          **MS. GLEASON:**  Yes, Your Honor.

8      As to the second, that the judgment reflect this is a sex

9  offense by means of force, there are two -- two -- I don't

10  think they're elements, but prongs:  Force and coercion.  The

11  withholding of heroin falls under the coercion prong, Your

12  Honor.  It is not a force issue and I would strongly oppose any

13  finding by the Court that this was a sex offense by means of

14  force.

15      **THE COURT:**  All right.  Let's see.  Can somebody

16  direct me to the statute?

17          **MR. RAMASWAMY:**  They just recodified this into the new

18  Title 34 and I don't think it's going to appear in your statute

19  book, Your Honor.

20      **THE COURT:**  In my book?

21          **MR. RAMASWAMY:**  But it had formerly been at 42 U.S.C.

22  16911 and then Subsection H of that, if I recall correctly,

23  makes it --

24      **THE COURT:**  Okay.  Hold on a second.  I may have to

25  look it up online anyway.  Okay.  You said it was at Title 42

1  where?

2          **MR. RAMASWAMY:**  Section 16911, Your Honor.

3          **THE COURT:**  And it didn't change when they recodified

4  it?

5          **MR. RAMASWAMY:**  Title 34 is still -- I don't remember

6  the first two numbers.  It still ends in 911.

7      (Pause in the proceedings.)

8          **THE COURT:**  Okay.  You all are going to have to help

9  me with this a little bit.

10         **MR. RAMASWAMY:**  Let me address it this way, Your

11  Honor.  If this had involved a minor victim, I don't think I

12  would -- it wouldn't be discretionary, first of all.

13         **THE COURT:**  Right.  So I'm looking at the statute and

14  so you've got Tier 1, Tier 2, and Tier 3.  So you're saying he

15  is a --

16         **MR. RAMASWAMY:**  Well, down below that, when it gives

17  the classifications -- it may be at Section H -- if it involves

18  an adult victim, then it would only be -- it's an exception if

19  the acts are consensual.  Now, at the beginning of this offense

20  conduct -- and it's in the factual basis that the victim in

21  this case agreed -- for the purposes of beginning to receive

22  heroin, agreed to become a prostitute for the Defendant.  You

23  know, under those circumstances, I don't know -- I know the

24  force aspect follows, but --

25         **THE COURT:**  I'm just trying to get -- look at the

1    specific statute we're talking about and I'm having a little

2    trouble with that.  Do you have it in front of you, 42-16911 or

3    34-20911?

4            **MR. RAMASWAMY:**  I do, Your Honor.

5            **THE COURT:**  Okay.  So where -- I'm looking at 16911,

6    but let me pull the other one up.

7            **MR. RAMASWAMY:**  This would not be -- a forced labor

8    offense would not be one covered by statute in the tiers.

9            **THE COURT:**  Okay.

10           **MR. RAMASWAMY:**  It would be at -- if it is defined as

11   being a sex offense.

12           **THE COURT:**  Okay.  So you're talking about

13   Subsection 5?

14           **MR. RAMASWAMY:**  This would be under the catchall.

15           **THE COURT:**  Which subsection?

16       Do you need a book, Ms. Gleason?

17           **MS. GLEASON:**  No, Your Honor.  Thank you.

18           **THE COURT:**  Okay.  I just -- I'm trying to look at the

19   exact language because this is -- I had not looked at this -- I

20   had not focused on this issue before we came to court this

21   morning.

22           **MR. RAMASWAMY:**  One moment, please.  I'm sorry.

23           **THE COURT:**  That's okay.  Take your time.

24       (Pause in the proceedings.)

25           **THE COURT:**  It's like my first week in criminal court

1  when you had to explain to me what a 924(c) was so -- you know,

2  it looks to be the same under the --

3         **MR. RAMASWAMY:**  I'd say in defining a sex offense in

4  Section 5(A)(i).

5         **THE COURT:**  "A criminal offense that has an element

6  involving a sexual act or sexual contact with another."  That's

7  the one?

8         **MR. RAMASWAMY:**  Well, in this instance, the sex act is

9  not an element of the offense --

10         **THE COURT:**  Right.

11         **MR. RAMASWAMY:**  -- and it does not involve a minor.

12  I'm sorry if I've confused the Court.

13         **THE COURT:**  Well, you're asking -- I mean, the

14  probation office had mentioned sex registration.  So if I -- I

15  just want to give it appropriate consideration if -- as to

16  whether he is required to register -- whether I -- whether he

17  meets the requirements.

18         **MS. GLEASON:**  If I may, Your Honor?

19         **THE COURT:**  Yes.

20         **MS. GLEASON:**  It is part of his plea agreement and one

21  of the conditions of his release that if he is required by

22  state or federal law to register that he register.  It is

23  Mr. Boyles' position that he is not required to.

24         **THE COURT:**  Okay.

25         **MR. RAMASWAMY:**  The -- if the Court -- even if the

1  Court deems this was a sex offense under 5(C), that's the

2  exception to registration, and it's the force -- it has to do

3  with custodial authority for an adult, if the Court were to

4  find that the victim were in custodial authority.

5          **THE COURT:**  Hold on just one second.

6      Mr. Lucas, can you find the P&E for this case and just read

7  the elements out loud?

8      (Pause in the proceedings.)

9          **THE COURT:**  You don't -- if I can ask the probation

10 officer, there's nothing in the presentence report other than

11 just saying he shall comply with any applicable requirements,

12 right?

13         **PROBATION OFFICER:**  Yes, ma'am.  It would be as part

14 of the plea agreement he agrees to register if required.

15         **THE COURT:**  Okay.  But you -- there's nothing in here

16 that addresses whether he's required?

17         **PROBATION OFFICER:**  Correct.

18         **THE COURT:**  Okay.  Just making sure I didn't overlook

19 that.

20     I'm having a little trouble -- I just want to look at the

21 elements again.  This is -- I don't normally need this during

22 sentencing, so I don't have the paper file with me.  All right.

23 This is 18 U.S.C. 1589, 1594.  So it does not appear to be

24 specifically covered, right?

25         **MR. RAMASWAMY:**  That's correct, Your Honor.  It's not

1  even by chapter mentioned.  And I will say, because the

2  Government often uses lesser offenses than sex trafficking in

3  certain cases, the plea agreement language is -- is probably

4  broader in this instance than it needed to be.  I know the

5  Court has not yet made its findings.

6          **THE COURT:**  Well, it just doesn't look like he falls

7  into any of these categories.

8          **MR. RAMASWAMY:**  I agree it's not -- it's not an

9  element, it's not mentioned by chapter, and the Government I

10 don't think on the facts of this can advocate that registration

11 is appropriate to be applied.

12         **THE COURT:**  Okay.  Of course, I don't know about state

13 law.

14         **MS. GLEASON:**  Yes, Your Honor.  And I have researched

15 state law and I'm certainly not a state practitioner.  It's my

16 understanding he is not required under North Carolina, but

17 that's just my opinion.

18     (Pause in the proceedings.)

19         **THE COURT:**  Yeah, I'm just looking back at the

20 elements that I went over with him when he pled guilty and that

21 was that he knowingly provided and obtained the services of

22 Jane Doe 1 by threats of serious harm intended to cause her to

23 believe that if she did not perform the services she would

24 suffer serious harm.  So that -- okay.  So the upside of that

25 is, since it appears he is not -- I do not need to put anything

1  in the judgment then because he doesn't appear to fall under

2  those categories.  But, of course, Congress and state

3  legislatures are −− tend to look at these laws pretty

4  regularly.  Generally speaking, he may not be required today,

5  but if they amend the law tomorrow, he might be required then.

6          **MS. GLEASON:**  That's correct, Your Honor, and

7  Mr. Boyles understands that.

8          **THE COURT:**  Okay.  All right.  So I think I've heard

9  from counsel about everything I need to hear from you on, but I

10 have not heard from Mr. Boyles yet.  Anything before I call on

11 him?

12     Okay.  Mr. Boyles, if you would stand.  If there is

13 anything that you want to say to me before I make a decision

14 about your sentence, I am glad to hear from you.  You do not

15 have to speak and I won't hold it against you if there's

16 nothing you want to add, but if there's anything you want to

17 tell me, please go ahead.

18         **THE DEFENDANT:**  Just that I take full responsibility

19 for the actions that I've taken.  You know, I was involved in

20 some things that I maybe shouldn't have been.  I engaged in a

21 relationship with a prostitute which led me to all this.  This

22 is the longest time I've been in custody.  I do not intend on

23 repeating my actions.

24     My mother is very sick and ill.  I'm trying to put this

25 behind me so I can get back home and spend the last days she

1 has because she is kind of fading pretty fast.  I am asking,

2 you know, maybe when you sentence me to keep me close to home.

3          **THE COURT:**  All right.

4          **THE DEFENDANT:**  Thank you.

5          **THE COURT:**  Thank you.  Your mother lives in High

6 Point?

7          **THE DEFENDANT:**  Yes, ma'am.

8       (Pause in the proceedings.)

9          **THE COURT:**  The Court's considered the matter based on

10 the facts in the presentence report and the arguments of

11 counsel.  He does not have previous felonies, but he does have

12 quite a few misdemeanors and in pretty quick succession.

13 Especially the ones in 2016 give me some concern, but basically

14 I think it's the nature and circumstances of the offense that

15 drives the sentence here.  The indictment mentions Jane Doe 1.

16 It looks like there were some other women involved and a

17 pretty -- pretty serious course of conduct here that occurred

18 over -- it wasn't just a one-time event.

19       So taking those things into account, it seems to me that a

20 sentence at the high end is appropriate.  The guidelines do

21 take into account the things that are most important:  His

22 criminal record, the nature of the offense, the heroin, the

23 vulnerable victim.  So there's no need to go above the

24 guideline range but within the guideline range.  In view of

25 those things, a sentence at the high end is appropriate.

1    I'll sentence him to 71 months in the custody of the Bureau
2  of Prisons.

3    I know everybody expects the state charges to be dismissed,
4  but if for any reason he's convicted of those, the Court would
5  recommend that the sentence run consecutive since they appear
6  to be unrelated.

7        **MS. GLEASON:**  Your Honor, if I may, the sex
8  trafficking charge in Brunswick is part of the same course of
9  conduct.  He was arrested in Brunswick County for these charge.

10        **THE COURT:**  Oh, that's right.  Okay.  So let's see.
11  The criminal history one that I was looking at -- this always
12  confuses me because that --

13        **MS. GLEASON:**  The Brunswick County human trafficking
14  charge appears at paragraph 12, Your Honor.  It jumps back.

15        **THE COURT:**  All right.  Concurrent to paragraph 12,
16  consecutive to paragraph 50.

17        **MS. GLEASON:**  Yes, Your Honor.

18        **THE COURT:**  If they're all dismissed, it will all be a
19  moot point.

20    He'll have to pay the special assessment of a hundred
21  dollars, due and payable immediately.

22    I'll waive the additional 5,000-dollar assessment since he
23  is indigent.

24    There is no restitution within the statutory definition of
25  that term, so I will not order any and I will waive the fine

1  based on inability to pay.

2      I'll recommend intensive substance abuse treatment for him

3  and that he be housed as close as possible to his family in

4  Guilford County.

5      The active sentence will be followed by a period of

6  supervised release for 3 years.  He shall comply with the

7  standard and mandatory conditions, and I will adopt in full the

8  recommended conditions of supervised release set forth in the

9  presentence report.

10     To summarize those, he shall comply with any applicable

11 state and federal sex offender registration requirements.  As

12 best I can tell, there's not a federal one at the moment, but

13 that is sometimes a moving target.  He shall submit to

14 substance abuse testing and cooperatively participate in

15 treatment, participate in a cognitive behavioral treatment

16 program as directed, not borrow money without approval, and

17 provide financial information since it appears he was in this,

18 at least in part, to make money.  We need to be sure he's

19 earning a living through lawful means.

20     The probation officer is recommending that he notify the

21 probation officer of any material change in his economic

22 circumstances that affect his ability to pay restitution or a

23 fine, but I'm going to strike that one since he's not going to

24 pay restitution or a fine.

25     And he needs to submit to warrantless searches for drugs

1  and support his children and comply with any child support

2  orders.

3      There are counts to be dismissed, correct, pursuant to the

4  plea agreement?

5          **MS. GLEASON:**  That's correct, Judge.

6          **THE COURT:**  Any remaining counts will be dismissed.

7      I believe there's an appeal –– some limits on his appeal

8  rights.

9          **MS. GLEASON:**  That is correct.

10          **THE COURT:**  Mr. Boyles, if you do think that the

11  sentence is not covered by your appeal waiver, you do have to

12  appeal in writing within 14 days of the entry of the Court's

13  judgment.  Those rights are limited for you, as we went over

14  when you pled guilty, but there are a few situations where you

15  can appeal.  If you think there's reason for that –– to do

16  that, then let Ms. Gleason know or file something yourself

17  within 14 days of the Court's judgment because –– well, it has

18  to be filed in writing within 14 days.

19      Have I forgotten anything else or is there anything else

20  anyone wants me to address?

21          **MS. GLEASON:**  Not for the defense, Your Honor.

22          **MR. RAMASWAMY:**  No, Your Honor.

23          **THE COURT:**  No.

24      All right.  Mr. Boyles, nobody wants to see you back in

25  court, so if you can get the drug use under control and avoid

1    those bad influences and not become a bad influence yourself, I

2    hope we won't see you back in court again.  Good luck to you.

3        All right.  I believe that's the business for the morning,

4    correct?

5             **MR. RAMASWAMY:**  Yes, Your Honor.

6             **THE COURT:**  We're in recess until two o'clock.

7        (Proceedings concluded at 11:04 a.m.)

8

9

10                       **C E R T I F I C A T E**

11        I, LORI RUSSELL, RMR, CRR, United States District Court
     Reporter for the Middle District of North Carolina, DO HEREBY
12    CERTIFY:

13        That the foregoing is a true and correct transcript of the
     proceedings had in the within-entitled action; that I reported
14    the same in stenotype to the best of my ability and thereafter
     reduced same to typewriting through the use of Computer-Aided
15    Transcription.

16

17    _Lori Russell_

18    Lori Russell, RMR, CRR           Date:  6-27-18
     Official Court Reporter
19

20

21

22

23

24

25